# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

_____

UNITED STATES OF AMERICA,

      Plaintiff,

    vs.                                         1:15-cr-3764 WJ

BOBBY WILLIS,

      Defendant.

## **MEMORANDUM OPINION AND ORDER ON RESTITUTION**

THIS MATTER comes before the Court on supplemental briefing on the appropriate restitution payment schedule. Upon review of Defendant's financial conditions, the Court concludes that Defendant should only make nominal restitution payments.

## BACKGROUND

Defendant pled guilty to two counts of wire fraud pursuant to 18 U.S.C. § 1343. The victims transferred $1 million to Defendant to invest in a real-estate LLC on their behalf. Defendant pocketed $995,000 and did not invest the money as promised. $5,000 went to a third party for fees.

The Court held evidentiary hearings to determine the amount of loss suffered by the victims following their receipt of certain real property in a civil settlement with Defendant. In a previous opinion, the Court found that the amount of actual loss (and therefore the amount of restitution) was $776,640, less any cash payments made pursuant to a civil settlement agreement. The Court ordered supplemental briefing on Defendant's financial condition and the payment schedule pursuant to 18 U.S.C. § 3664(f)(2). **Doc. 88.**

The Revised PSR **(Doc. 60)** provides that Defendant's only income is $1,132 in social security per month, while his monthly expenses are $3,567, resulting in a negative cash flow of $2,435 per month. Finally, the PSR notes that Defendant has numerous medical problems and is no longer able to work or drive.

The revised PSR lists assets of $1,896 in securities, and $1,799 in a personal checking account. The PSR and the Defendant assert that the securities belong to his ex-wife pursuant to a divorce settlement, while he only owns a one-half interest in the personal checking account.

In supplemental briefing, November 9, 2018, Defendant noted his income was the same as previously reported. He also noted that after his medical expenses, he has $252 left over to pay for food, rent, phone, travel, and state probation costs. He represented he has no money in checking remaining, and no assets with which to make restitution payments. This is consistent with the undisputed PSR, as his listed assets were likely quickly exhausted by his negative monthly cash flow. He represents that his ex-wife provides care, and each month his debt to her increases. The United States does not dispute the representations in the PSR or in Defendant's supplemental brief. **Doc. 91.** Therefore, the Court adopts the undisputed portions of the PSR as factual findings.

The Court notes that, based on the PSR and prior hearings in this case, Defendant has many acute debilitating medical conditions, which make it unlikely he will earn a living again.

### DISCUSSION

The Mandatory Victim Restitution Act ("MVRA") provides that the district "court shall order ... that the defendant make restitution to the victim of the offense." 18 U.S.C. § 3663A(a)(1). The amount of restitution is the amount of loss suffered by the victims and shall be made without reference to a defendant's economic circumstances. 18 U.S.C. § 3664(f)(1)(A).

After determining the amount of restitution owed to the victims, the Court "shall ... specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid." 18 U.S.C. § 3664(f)(2). When setting a schedule of payments, the district court must consider "the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled; projected earnings and other income of the defendant; and any financial obligations of the defendant; including obligations to dependents." 18 U.S.C. § 3664(f)(2), *cited in United States v. Zunie*, 444 F.3d 1230, 1238 (10th Cir. 2006). The Defendant bears the burden of demonstrating his financial resources. 18 U.S.C. § 3664(e), *cited in United States v. Wilson*, 416 F.3d 1164, 1170 (10th Cir. 2005).

Defendant requests that the Court order nominal restitution of $5 per month. The Government requests a nominal payment of $75, but also asserts that the restitution order should provide that payment of the full restitution amount is due immediately. Because there is no factual basis in the record to order immediate payment pursuant to § 3664(f)(2), the Court only orders a nominal payment.

## I.        Amount of Restitution.

In a previous opinion, the court determined that the amount of restitution was $776,640, less any cash payments made under a civil settlement. **Doc. 88.** The parties agreed that $25,000 had been paid in a civil settlement. Therefore, the Court concludes that the actual amount of loss suffered by the victims, and therefor the amount of restitution, is $751,640.

## II.       Payment Schedule.

### A.        Section 3664(f)(2) factors.

In making a payment schedule, the Court must consider the Defendant's financial condition, including his financial resources, predicted earnings, and financial obligations. 18 U.S.C. § 3664(f)(2)(A)-(C).

The Government does not dispute Defendant's representations about his financial condition, which align with the undisputed portions of the PSR. Therefore, the Court adopts those undisputed portions of PSR, **doc. 60**, as factual findings. Here, Defendant's financial resources are minimal. His income is $1,132 in social security, and he has a negative cash flow of $2,435 when accounting for necessary living expenses. PSR**, Doc. 60, ¶ 83.** He has accounts in collection and has had a number of suits against him. He is apparently supported by his ex-wife, who is also his caretaker. Moreover, because of his medical conditions, it appears unlikely that he will be able to earn a living in the future. He is unlikely to have any future earnings aside from social security, and he has not listed any investments.

Defendant is making payments to the victims on amounts owed under a civil settlement agreement. The Court previously expressed concern about where these payments were coming from. **Doc. 88.** The Defendant represents that these payments are coming from his ex-wife, who is also liable under the civil settlement agreement. The Court is satisfied that, based on these undisputed representations, there is currently no evidence of hidden assets that could be used to pay restitution.

**B.     Government's request to make restitution due and payable immediately is denied.**

The Government requests that the Court make the entire $751,640 amount due and payable immediately, but otherwise appears to agree to nominal payments. The undisputed PSR **(Doc. 60)** and the Probation Department's Memorandum **(Doc. 90)** show that Defendant has no real assets, lives on $1,132 in social security, and has a negative cash flow. He has serious medical conditions

that make it unlikely he will be able to make payments in the foreseeable future, and is supported by his ex-wife, who is also his caretaker. The Probation Department recommended a nominal payment of no less than $75 per month.

The Government acknowledges these facts but asks the Court to order immediate payment anyway. Based on Defendant's financial condition, the Court cannot enter an order for immediate payment. It would likely be plain error to do as the Government requests. *See, e.g., United States v. Ahidley*, 486 F.3d 1184, 1193 (10th Cir. 2007) (based on fact that defendant was a high school dropout with no financial assets, and was being supported by his family, "it would appear almost beyond question that Mr. Ahidley could not make an immediate, single lump-sum payment of over $22,500."), *United States v. Garcia-Castillo,* 127 Fed. Appx. 385, 386, 393 (10th Cir. 2005) (district court plainly erred by ordering immediate and full payment of restitution without giving due consideration to § 3664(f)(2) factors where defendant had no income or assets*); See also United States v. Chino*, 331 F. App'x 592, 599 (10th Cir. 2009) (unpublished) (reversing district court which noted that defendant had no ability to pay but ordered full restitution anyway).

"[A] restitution payment schedule should reflect a substantively reasonable and appropriate consideration of the [§ 3664(f)(2)] factors." *United States v. Chino*, 331 F. App'x 592, 599 (10th Cir. 2009) (unpublished). In other words, to order immediate payment of the full restitution amount, the Court would have to ignore the § 3664(f)(2) factors.

**C.    Nominal Payments.**

Based on the undisputed PSR **(Doc. 60),** and the Probation Department's undisputed memorandum **(Doc. 90),** the Court finds that Defendant's economic circumstances do not allow him to make payments of any amount, and do not allow for the payment of the full amount of the restitution order in the foreseeable future under any reasonable schedule.    18 U.S.C. §

3664(f)(3)(B). Because Defendant is unable to make any actual payments, the Court orders nominal periodic payments in the amount of $25 per month. 18 U.S.C. § 3664(f)(3)(B). The Government requests nominal payments of $75 per month, but that amount, based on Defendant's circumstances above, is clearly not "nominal."

  **D.**  **Hidden Assets.**

   The Government's request for an order directing immediate payment is likely motivated by concerns that Defendant is hiding assets. The Government does not otherwise dispute the recitation of his assets in the PSR. The Government's concerns, however, are addressed by 18 U.S.C. §3664(k). That section provides:

> A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

18 U.S.C. § 3664(k). Therefore, the Court will further order that the Defendant notify the Court and the Attorney General of any material change in his economic circumstances that might affect his ability to pay restitution. *United States v. Coleman*, 276 F. App'x 766, 767 (10th Cir. 2008).

   Finally, if Defendant "receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, [Defendant] shall be required to apply the value of such resources to any restitution or fine still owed." 18 U.S.C. § 3664(n).

**CONCLUSION**

A restitution order is entered in the amount of $751,640. However, after considering Defendant's financial condition pursuant to § 3664(f)(2) and (3)(B), the Court concludes that Defendant shall make nominal payments in the amount of $25 per month. If, as the Government is concerned, there is a material change in Defendant's financial condition (such as the discovery of new assets), the Government may file a motion for modification of the payment schedule pursuant to § 3664(k). Any substantial resources received by the Defendant during a period of incarceration shall be applied to the restitution owed. § 3664(n).

**IT IS THEREFORE ORDERED** that restitution in this matter is in the amount of $751,640.00.

**IT IS FURTHER ORDERED** that, pursuant to § 3664(f)(3)(B), Defendant shall make nominal periodic payments in the amount of $25 per month.

**IT IS FURTHER ORDERED** that, pursuant to § 3664(k), Defendant notify the Court and the Attorney General of any material change in his economic circumstances that might affect his ability to pay restitution. The rights of all parties to file motions requesting changed payment or immediate payment based upon changed circumstances are hereby preserved. § 3664(k).

**IT IS FINALLY ORDERED** that, pursuant to § 3664(n), if Defendant "receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, [Defendant] shall be required to apply the value of such resources to any restitution or fine still owed."

_____
CHIEF UNITED STATES DISTRICT JUDGE